Curia, per

Butler, J.
The sale from Ligón to defendants, was valid as between themselves, and must be regarded good as to all the world, except the unsatisfied creditors of Ligón. It becomes important, therefore, to inquire whether Waddle occupies such a position as to entitle him to the rights either of an attachment or judgment creditor. To approach this question, we must have reference to the state of things that existed at the time the attachment issued. It is as much competent for the defendants to inquire into the validity of plaintiff’s demand, as it is for him to impugn their sale. In this respect, their rights are mutual; and if Waddle had no legal demand against Ligón when he sued out his attachment, the judgment founded upon it will afford him no protection. It is a contest between one assuming to be a creditor, and a purchaser for valuable consideration, so far as it regards the vendor.
All that was sold at sheriff’s sale, was Ligon’s equity of redemption; and that sale was effected by judgment creditors other than the mortgagee ; the land was offered for sale, with public notice of a subsisting mortgage, to secure the payment of about one thousand dollars. All bidders must be regarded as having reference to their legal liability to take the land subject to the debt; whether Waddle is to be regarded as the purchaser, or as a bidder who refused to comply with the terms of sale, or as one who suffered title to be made to others on his bid, with an obligation on his part to discharge the lien of the mortgage, the consequences will be the same.
In the first point of view, he could not get a perfect title to the land, without paying the mortgagee the amount of *60 his debt. In the second case supposed, he would be obliged to suffer the land to be resold at his risk and loss; and that loss, it seems to be admitted, would be the amount of the mortgage debt. Upon a resale, with an understanding that the mortgage was to be paid off besides the amount of the sum bid for the land, the price would have been $3141, instead of $4,141. And in the third case, the obligation to discharge that mortgage, did, in fact, subject Waddle to a liability to pay about $1000. It seems he paid the sum to the mortgagee, and took an assignment of the note, and had the mortgage marked satisfied. Was not this money paid in extinguishment of a demand against Ligón, and which Waddle was under a legal obligation to pay for the benefit of Ligón 1 It is said that he and'Cauble had a right to cancel the security, and leave the demand still subsisting against the mortgagor. If the mortgagor had been present, and consented to the arrangement for his own benefit, it might, perhaps, have been effected. And if it could be made to result to his advantage, the court might presume his assent. But where this must be regarded as a mere device to relieve Waddle, and will certainly operate to the prejudice of the absent debtor, by depriving him of $1000 towards the payment of his debts, no such assent should be presumed ; such a presumption would not comport with the legal rights of the parties, or the moral justice of the case. When Waddle took up the note and had the mortgage marked satisfied, he not only extinguished the demand of the mortgagee, but discharged himself from a legal liability for the same amount. The debt and mortgage became thereby paid. This is a simple, and, perhaps, satisfactory view of the case, and from which it would follow that Waddle, having no foundation for his attachment, cannot acquire any right under a judgment referable to it. He is like one occupying the position of a purchaser of the equity of redemption, who has paid off the mortgage debt, and has the evidence and security of the debt in his own hands. In such a case, as is well said in the- case of Tice vs. Annin, 2 J. C. R. 129, “there seems to be no other alternative, but to consider the debt as extinguished in the hands of the purchaser. He purchased nothing but the equity of redemption, and, of *61 course, subject to the mortgage debt, and his purchase of that debt was nothing more than an extinguishment of the incumbrance on his own land.” The result would be, that the purchaser of Ligon’s Hotel, and Waddle, together, gave, in fact, over and above the mortgage debt, $4141, with an additional obligation to discharge that debt. That must be the consequence in all such cases, or the purchaser must hold the land subject to the mortgage.
It is said, however, that the mortgagee is not compelled to resort to the mortgaged property of his debtor, but may resort to any other property for the satisfaction of his debt. If the mortgagee, in such a case, shall elect to proceed against his original debtor at law, after the equity of redemption in the mortgaged premises has been sold under fi. fas. and should attempt to collect his debt out of other property of the mortgagor, the Court of Equity would either stay such proceeding, or compel him,, upon payment of the debt, to assign over his debt and security to his debtor, so as to enable the debtor to indemnify himself out of the mortgaged premises in the possession of the purchaser ; 2 J. C. R. 128. In no point of view, therefore, could the purchaser avoid an obligation to pay the mortgage debt whilst he held the land. He might avoid this obligation, perhaps, by giving up the land. That is a point not involved in this case, and, of course, I give no opinion upon it. Judgment below affirmed, and this motion dismissed.
O’Neall, Evans, Wardlaw, and Richardson, JJ. concurred.